ORIGINAL SEALED

FILED-USDC-NDTX-DA
'24 APR 16 PM 4:08

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. |
| v. | **FILED UNDER SEAL** |
| CARLOS DESEAN GOODSPEED | **3 - 24 C R - 0 1 4 5 K** |

## INDICTMENT

The Grand Jury charges:

At all times material to this Indictment:

### Introduction

1.     The defendant, **Carlos Desean Goodspeed**, was a resident of Dallas, Texas, and operated under the assumed name "Straight Like That Entertainment," which had a business address within the Dallas Division of the Northern District of Texas. **Goodspeed** purported to be a promoter for concerts and events involving high-profile artists and entertainers, including, for example, Tyler, the Creator, Ludacris, Beyonce, Nicki Minaj, Bad Bunny, and Future.

2.     Victim-1, whose identity is known to the Grand Jury, was an investor who wired approximately $400,000 to Straight Like That Entertainment's bank account based on **Goodspeed's** false and fraudulent representations and promises.

3.     Victim-2, whose identity is known to the Grand Jury, was an investor who wired approximately $180,000 to Straight Like That Entertainment's bank account based on **Goodspeed's** false and fraudulent representations and promises.

## The Scheme to Defraud

4.      From at least 2018 and continuing to in or around 2023, **Goodspeed**
devised and executed a scheme to defraud investors and to obtain money and property by
means of materially false and fraudulent pretenses, representations, and promises in that
**Goodspeed** falsely and fraudulently represented to investors that he was a concert
promoter and that their investments would be used to purchase concert and event tickets
and suites in order to resell them for a profit.  **Goodspeed** induced investors to invest by
falsely promising them that they would receive a large return on their investment, at
times over fifty percent, in a relatively short period of time.  In reality, **Goodspeed** was
not affiliated with the concerts and events he was supposedly promoting and was using
the funds, without the investors' knowledge or consent, to enrich himself and support his
personal lifestyle.  **Goodspeed** also used new investor funds to secretly make payments
to prior defrauded investors in order to conceal the scheme.

5.      By way of example, Victim-1 was introduced to **Goodspeed** around mid-
2018 by a mutual friend who had previously invested money with **Goodspeed**.  Shortly
thereafter, **Goodspeed** claimed to be promoting a tour event for musical artists Nicki
Minaj and Future, in partnership with a multinational event promotion company, and
asked Victim-1 for a large investment.

6.      In furtherance of the scheme to defraud and to make the scheme appear
legitimate, **Goodspeed** emailed Victim-1 a "Partner Agreement."  The agreement stated
that Victim-1 would invest $400,000 and would receive a $250,000 return on investment.
The agreement also included a list of concerts and stated that Victim-1's funds would be

used "as part of the full buyot [sic] for each show event towards the Artist, Venue, Artist Rider, and Promotion Cost." **Goodspeed** directed Victim-1 to wire $400,000 to Straight Like That Entertainment's bank account and promised to pay $650,000 to Victim-1 by November 19, 2018.

7.     In late July 2018, Victim-1 wired the $400,000 investment to Straight Like That Entertainment's bank account. On the same day, **Goodspeed** made a series of withdrawals and wire transfers sourced from Victim-1's funds, to include a $200,000 wire transfer to a court-appointed receiver in connection with a lawsuit brought by the Securities & Exchange Commission against **Goodspeed** and others, and a $20,000 wire transfer to another investor. **Goodspeed** also withdrew over $100,000 in cash and cashier's checks from the invested funds without Victim-1's knowledge or consent. **Goodspeed** eventually paid back only a fraction of Victim-1's total investment.

8.     As another example and as part of the scheme to defraud, in or around 2022, **Goodspeed** solicited an investment from Victim-2. **Goodspeed** falsely and fraudulently represented that Victim-2's investment would be used to purchase concert tickets and suites for an upcoming Tyler, the Creator show.

9.     Similar to Victim-1, **Goodspeed** emailed a "Partner Agreement" to Victim-2. Victim-2 wired $50,000 to Straight Like That Entertainment's bank account per the terms of the agreement on or about January 7, 2022. Despite the Tyler, the Creator show taking place as planned, Victim-2 did not get back their principal or return on investment as promised.

10.     After the show, **Goodspeed** continued to make false and fraudulent representations to Victim-2 as to why he was unable to return Victim-2's money. **Goodspeed** eventually promised that Victim-2 would be paid after a string of additional performances involving Tyler, the Creator shows and a Ludacris concert.

11.     Following **Goodspeed's** promises that Victim-2 would be paid in full after the additional shows, **Goodspeed** convinced Victim-2 to make two additional investments. **Goodspeed** again emailed a "Partner Agreement" to Victim-2 indicating that Victim-2's additional investment would be used "as part of the full buyout for the Ludacris Show Event in Las Vegas, NV towards the Artist, Venue, Artist Rider, and Promotion cost." The agreement further indicated that Victim-2 would be paid $65,000 on March 21, 2022, as part of that investment.

12.     In reliance on **Goodspeed's** false and fraudulent representations, Victim-2 wired $50,000 to Straight Like That Entertainment's bank account on January 31, 2022. Victim-2 sent an additional wire in the amount of $80,000 in February 2022 based on **Goodspeed's** false representations that the funds would be used for event purchases.

13.     **Goodspeed** did not use Victim-2's investments for the events as represented. Instead, **Goodspeed** used the funds for personal expenses, including rental payments at an upscale apartment complex, a purchase at a high-end retail store, and airline fees and hotels. **Goodspeed** also used a portion of the funds to make lulling payments to other investors in order to continue his concealment of the fraud.

14.     As a result of the scheme to defraud, investors collectively suffered a loss of over one million dollars.

Counts One through Three
Wire Fraud
[Violation of 18 U.S.C. § 1343]

15.     From at least 2018 and continuing to in or around 2023, the defendant,

**Carlos Desean Goodspeed**, knowingly devised and intended to devise a scheme and

artifice to defraud investors, and to obtain money and property by means of materially

false and fraudulent pretenses, representations, and promises, as alleged in paragraphs 1

through 14 of this Indictment, which are realleged and incorporated as if fully set forth

herein.  For the purpose of executing and attempting to execute the above-described

scheme and artifice, **Goodspeed**, in the Northern District of Texas and elsewhere, did

knowingly and with intent to defraud cause to be transmitted, by means of wire and radio

communication in interstate commerce and foreign commerce, certain writings, signs,

signals, pictures, and sounds, namely, each of the following:

| Count | Date (On or About) | Transaction | Approximate Value |
|---|---|---|---|
| 1 | 01/07/22 | A wire transfer from Victim-2's PNC Bank account ending in 1411 into Straight Like That Entertainment's Capital One bank account ending in 0650 | $50,000 |
| 2 | 01/31/22 | A wire transfer from Victim-2's PNC Bank account ending in 1411 into Straight Like That Entertainment's Capital One bank account ending in 0650 | $50,000 |
| 3 | 02/18/22 | A wire transfer from Victim-2's Frost Bank account ending in 0384 into Straight Like That Entertainment's Capital One bank account ending in 0650 | $80,000 |

Each in violation of 18 U.S.C. § 1343.

<u>Notice of Criminal Forfeiture</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Upon conviction for any of the offenses charged in Counts One through Three, the defendant, **Carlos Desean Goodspeed,** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the respective offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.      cannot be located upon the existence of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without
        difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant up to the value of the property listed as subject to forfeiture.

A TRUE BILL

FOREPERSON

LEIGHA SIMONTON
UNITED STATES ATTORNEY


RENEE M. HUNTER
Assistant United States Attorney
State Bar No. 24072942
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8798
Facsimile: 214-659-8809
Email: renee.hunter@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

CARLOS DESEAN GOODSPEED

SEALED INDICTMENT

18 U.S.C. § 1343
Wire Fraud
(Counts 1-3)

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.§ 2461(c)
Forfeiture Notice

3 Counts

A true bill rendered

DALLAS                                                        FOREPERSON

Filed in open court this _16th_ day of April, 2024

**Warrant to be Issued**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending